UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RONNIE COX, | Case No. 1:14-cv-40 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| G&J PEPSI-COLA BOTTLERS, INC., *et al.*, | |
| Defendants. | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. 5)

This civil action is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 5). This motion was filed on January 21, 2014, pursuant to Fed. R. Civ. P. 12. (*Id.*) Under S.D. Ohio Civ. R. 7.2(a)(2), "any memorandum in opposition shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion." When no responsive pleading was filed within 21 days of service of the motion, this Court ordered Plaintiff to show cause on or before March 3, 2014 why Defendants' motion should not be granted for the reasons stated therein. (Doc. 7). No responsive pleading has been filed.

Plaintiff's Complaint alleges in three separate counts that he has been retaliated against as a result of his union activities. (Doc. 2 at ¶¶ 6, 10, 14). Plaintiff does not assert that he filed an unfair labor practice charge with the National Labor Relations Board ("NLRB").

Defendants now move to dismiss Plaintiff's Complaint on the basis that under settled and controlling authority, Plaintiff's suit is preempted by federal labor law because it would intrude upon the exclusive jurisdiction vested by Congress in the NLRB.

## I.   STANDARD OF REVIEW

Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). In the context of a Rule 12(b)(1) motion, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A court will grant a Rule 12(b)(1) motion to dismiss if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim. *See id.* Here, Defendants allege that because Plaintiff's claims fall under the exclusive jurisdiction of the NLRB, no relief could be granted under the allegations in the Complaint because this Court lacks subject matter jurisdiction over this action.

## II.   ANALYSIS

Defendants argue that Plaintiff's claims for retaliation must be dismissed because they are preempted fully by the National Labor Relations Act, 29 U.S.C. §151 *et seq.* ("NLRA"). The NLRA promotes the rights of employees to organize and collectively bargain with their employers under the oversight of the NLRB. *NLRB v. Fansteel*

2

*Metallurgical Corp.*, 306 U.S. 240 (1939). It is well established in Supreme Court jurisprudence that the NLRB has exclusive jurisdiction when conduct is even arguably subject to the NLRA, either as protected activity under Section 7 or as an unfair labor practice under Section 8 of the Act. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244-45 (1959).

To determine whether a claim is preempted pursuant to *Garmon*, a court must decide whether the plaintiff's actions are protected by Section 7 or the defendant's conduct is prohibited by Section 8. *Broadbent v. Elliott-Lewis Corp.*, No. 1:07 CV 0314, 2007 WL 2688290, at *4 (N.D. Ohio Sept. 11, 2007). If so, the dispute must be heard by the NLRB, as the courts are not the proper tribunal to adjudicate such issues and must defer to the NLRB's primary jurisdiction. *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978); *Garmon*, 359 U.S. at 244-45.

In the instant matter, Plaintiff alleges that he has suffered "retaliation" as a result of his "union activities." (Doc. 2 at ¶¶ 6, 10, 14). Union activities are protected in Section 7 and retaliation is prohibited by Section 8. Section 7 of the NLRA provides in relevant part that "[e]mployees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection…" 29 U.S.C. § 157; *see also Lee v. NLRB*, 393 F.3d 491, 494-95 (4th Cir. 2005) (Section 7 "protects employees' right to engage in union activities…"); *Logan v. VSI Meter Services, Inc.*, No. 10cv2478, 2011 WL 2729069, at *2 (S.D. Cal. July 13, 2011)

(recognizing that the NLRA "prohibits adverse action, including the discharge of an employee, for participation in union activity"). Section 8 of the NLRA provides, in relevant part:

> It shall be an unfair labor practice for an employer (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in [Section 7] of this title…; (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization…

29 U.S.C. § 158(a). Federal courts have consistently interpreted Section 8 to prohibit the very conduct allegedly committed by Defendants – retaliation for union activities. *See Lund v. Case Farms Processing, Inc.*, 794 F.Supp.2d 809, 820 (N.D. Ohio 2011) ("it is a Section 8(a)(1) violation of the NLRA for an employer to treat an employee in a discriminatory or retaliatory manner for having engaged in Section 7 protected activity. Singling out an employee for treatment different from other employees because of union activity, rather than for a legitimate reason, is a violation of Section 8(a)(1)"); *McGlone v. Cintas Corp.*, 35 F.3d 566, 1994 WL 487340, at *2 (6th Cir. Sept. 8, 1994) ("Courts have consistently held that the NLRA prohibits employers from discharging employees in retaliation for union activities"); *Broadbent*, 2007 WL 2688290 at *5 (holding that plaintiff's retaliation claim was preempted under *Garmon* where "plaintiffs allege[d] that their employer engaged in the unfair labor practice by retaliating against them when they exercised their protected right under § 7").

Because Plaintiff's alleged activity is protected by Section 7 and Defendants' alleged conduct is prohibited by Section 8, Plaintiff's claims fall squarely within the

4

coverage of the NLRA. As a result, Plaintiff's claims against Defendants are preempted pursuant to *Garmon*, and Plaintiff's Complaint is appropriately dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

Accordingly, based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5) is hereby **GRANTED** and this case is **CLOSED**.

**IT IS SO ORDERED.**

Date: 3/5/14

Timothy S. Black
United States District Judge